UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2020

JANICE ARNDT,

                    Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

19-CV-3174 (NSR)(PED)
**ORDER ADOPTING REPORT AND RECOMMENDATION**

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Janice Arndt commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's applications for Supplemental Security Income disability benefits ("SSI"), under the Social Security Act (the "SSA"). This case was referred to Magistrate Judge Paul E. Davison ("MJ Davison"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") to resolve Defendant's motion for judgement on the pleadings. Now before the Court is MJ Davison's R & R, recommending that Defendant's motion for judgment on the pleadings be denied, and the case be remanded for further proceedings. (See Docket No. 19.) For the following reasons, the Court adopts MJ Davison's R & R in its entirety. As such, Defendant's Motion for Judgment on the Pleadings is DENIED, and the matter is REMANDED to the Social Security Administration for further proceedings.

    **Procedural Background**

    Plaintiff filed her initial claim seeking SSI disability benefits on or about July 7, 2015, alleging she was disabled due to, *inter alia*, herniated discs, right knee replacement, left hip tear,

and mental health related illness. On or about October 28, 2015, Plaintiff's claim was administratively denied. Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). On November 29, 2017, Plaintiff, represented by counsel, appeared before ALJ Sharda Singh ("ALJ Singh") for a hearing and testified.  On February 23, 2018, ALJ Singh issued a decision which determined that Plaintiff was not disabled under the SSA. Plaintiff sought review of the ALJ's decision. On February 4, 2019, the Commissioner denied Plaintiff's final administrative request for review of the denial of benefits.

On April 8, 2019, Plaintiff commenced the instant action challenging the administrative decision of the Commissioner denying her application for SSI benefits. By order dated May 16, 2019, the matter was referred to MJ Davison for all matters. On November 14, 2019, the Defendant Commissioner moved for an order granting it a judgment on the pleadings denying Plaintiff SSI benefits. On August 31, 2020, MJ Davison issued an R & R denying the motion and remanding the matter back to the Social Security Administration for further proceedings.

**Standard of Review**

When reviewing an R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

**Discussion**

In the present case, the R & R advised the parties that they had 14 days from service of the R & R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  In addition, it expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636(b)(1).  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, the parties have waived the right to object to the R & R or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed Defendant's application and the R & R, unguided by objections, and finds the R & R to be well reasoned, grounded in fact and law, and finds no clear error.  In the R & R, MJ Davison noted that the ALJ found limitations in Plaintiff's residual functional capacity and "completely ignored" the agency's consultative examiners who opined that Plaintiff was moderately limited in her ability to maintain regular schedule and maintain regular attendance, and to complete a normal workday/workweek without interruptions due to ongoing psychological symptoms.  This Court agrees. Accordingly, the Court adopts the R & R in its entirety.

**Conclusion**

For the reasons provided, the Court finds no clear error and adopts MJ Davison's R & R in its entirety. Defendant's motion for judgment on the pleadings is DENIED and the matter is REMANDED to the agency for further proceeding consistent with the R & R. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 15 and the action, to mail a copy of this opinion to Plaintiff at her last know address, and to show proof of service on the docket.

Dated:   October 16, 2020                              SO ORDERED:
        White Plains, New York

                                                          NELSON S. ROMÁN
                                            United States District Judge